Sanchez v. Sanchez, 22 N. M. 95.

[No. 1892, July 18, 1916.]
# SANCHEZ v. SANCHEZ.

### SYLLABUS BY THE COURT.

1.' A complaint for cancellation of a deed, conveying real estate from a mother to a son, which alleges that such conveyance was made in consideration of an agreement on the 'part of the son to live with and care for the mother, and that said son has wholly failed and refused to comply with his part of the agreement, and has abandoned the mother and removed to a distant city, states a good cause of action, and is sufficient to withstand a demurrer.

Appeal from District Court; Bernalillo County; H. F. Raynolds, Judge.

Action by Barbara Chaves de Sanchez against Manuel A. Sanchez. From a judgment for defendant, plaintiff appeals. Reversed, with directions.

RODEY & RODEY of Albuquerque, for appellant.

### OPINION OF THE COURT.

ROBERTS, C. J.—Mrs. Barbara Chaves de Sanchez, the appellant, an old lady of more than 80 years of age, in 1910, having no other relative other than the appellee, her son, conveyed to him the real estate involved in this suit, which was a house and lot in the city of Albuquerque. In the deed she reserved a life estate in the premises. The consideration for the conveyance was an agreement on the part of her son that he and his wife would remain in Albuquerque and take care of her, or if they went away to some other place to live, they would take her with them. The son left Albuquerque and took up his residence in the city of St. Louis, Mo., and refused to take his mother with him and care for her, and since the execution of the deed the said son has wholly failed and refused to perform his part of the agreement, which was the consideration for such conveyance. On the 21st day of January, 1915, the mother filed her complaint in the district court of Bernalillo county for cancellation of

such deed, and to quiet her title to such real estate. In said complaint all the facts were .stated,·· and it was alleged that such conveyance was upon a condition subsequent, which was defeated by failure of the son to perform. The appellee demurred to the complaint on the ground that it failed to state facts sufficient to 'constitute a cause of action. The trial court sustained the demurrer, and appellant declined to plead further, whereupon judgment was entered for the defendant dismissing the complaint. From this judgment appellant prosecutes this appeal.

It is but fair to the trial court to·say that the order sustaining the demurrer was entered prior to the decision by this court in the case of Anderson v. Reed, 20 N. M. 202, 148 Pac. 502, L. R. A. 1916B, 862, That case is decisive of this appeal. There the complaint proceeded upon the theory of fraud in the inception of·the contract, and, in sustaining the sufficiency of the complaint, said:

"The necessity of avoiding such contracts, in cases where there is an intentional and inexcusable failure to perform .by the grantee, in order to do justice, is so paramount, and cancellation being the only adequate and complete remedy in such a case, the court will give the remedy upon any reasonable theory. In other words, the court in such a case, upon intentional and inexcusable failure to perform such a contract, will decree cancellation without much regard to or consideration of the theory upon which such cancellation is sought. This being true, this court will uphold cancellation in such cases where the complaint proceeds upon any rea· sonable theory."

In the opinion in that case .the various theories upon which courts decree cancellation of such contracts are discussed, and. the reason for the rule announced is·given. Repetition here would avail nothing. Some of the courts, as therein shown, decree cancellation upon the theory adopted by appellant in her complaint herein.

We think the complaint stated facts sufficient to entitle appellant to equitable relief. Hence the cause will be reversed, with directions to the trial court to overrule the demurrer to the complaint and to· proceed in accordance with this opinion; and it is so ordered.

HANNA and PARKER, J.J., concur.